FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Aug 20, 2026
SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MEGAN JOAN G.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No: 2:26-cv-00117-RLP<br><br>ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING FOR FURTHER PROCEEDINGS |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying disability income benefits under Title II of the Social Security Act. ECF No. 6. The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes the ALJ's decision is not supported by substantial evidence. Therefore, Ms. G.'s brief, ECF No. 6, is granted and the Commissioner's brief, ECF No. 15, is denied.

## JURISDICTION

Ms. G. filed for disability insurance benefits (DIB) on July 6, 2023, alleging an onset date of February 20, 2022. Tr. 214-15. Benefits were denied initially, Tr. 81-85, and upon reconsideration, Tr. 88-91. Plaintiff appeared at a hearing before an

ALJ on May 19, 2025. Tr. 34-60. On June 5, 2025, the ALJ issued an unfavorable decision, Tr. 14-33, and the Appeals Council denied review on January 12, 2026. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearings and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore require only brief summary.

Ms. G. was born in 1979 and was 43 years old on her date last insured. Tr. 30. She has a bachelor's degree in information technology with an emphasis in multimedia and visual communications. Tr. 43. She has work experience as a shipping clerk, road toll collection supervisor, assembler, and cleaner. Tr. 56, 278. She stopped working in 2017 for unrelated reasons and alleges disability beginning in February 2022. Tr. 277. Ms. G. alleges disability based on multiple sclerosis and anxiety. Tr. 244. She testified she experiences extreme fatigue which requires her to rest frequently. Tr. 45-46. She has vertigo, mental fatigue, and her arms become tired. Tr. 46-48. Heat and cold cause her to be more fatigued. Tr. 49. Mentally, her anxiety has increased since her MS diagnosis. Tr. 52. She testified that she has difficulty with memory, understanding and confusion. Tr. 54.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must meet two criteria to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe

as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC). At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). At step five, the Commissioner considers whether, in view of the claimant's RFC, age, education, and past work experience, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ALJ'S FINDINGS

At step one, the ALJ found Ms. G. has not engaged in substantial gainful activity during the period from her alleged onset date of February 20, 2022, through

her date last insured of September 30, 2023.[1] Tr. 19. At step two, the ALJ found that Ms. G. has the following severe impairment: relapsing-remitting multiple sclerosis. Tr. 19. The ALJ also found anxiety is a medically determinable but non-severe impairment. Tr. 19-20.

At step three, the ALJ found Ms. G. does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 20. With respect to the RFC, the ALJ found Ms. G. has the capacity to perform light work with the following additional limitations: "No climbing ladders, ropes and scaffolds; frequent stooping, kneeling, crouching, crawling and climbing ramps and stairs; and no exposure to temperature extremes or hazards." Tr. 21.

At step four, the ALJ found Ms. G. has no past relevant work. Tr. 27. At step five, after considering Ms. G.'s RFC, age, education, work experience, and the testimony of a vocational expert, the ALJ found there were jobs that existed in significant numbers in the national economy that Ms. G. could have performed. Tr.

[1] To obtain disability benefits, a claimant must establish disability before the date last insured. *See* 42 U.S.C. § 423(c); 20 C.F.R. § 404.1520. In this case, the relevant period in which disability must be established to obtain benefits is the alleged onset date of February 20, 2022 to September 30, 2023, the date last insured.

27. Thus, the ALJ found Ms. G. has not been under a disability, as defined in the Social Security Act, from February 20, 2022, the alleged onset date, through September 30, 2023, the date last insured. Tr. 28.

## ANALYSIS

Ms. G. alleges the ALJ made several errors in concluding she is not disabled. As an initial matter, the Court notes Ms. G. has not clearly identified the alleged errors. Ms. G.'s brief states the issues are: "1. Did The Administrative Law Judge (ALJ) Improperly Evaluate the Opinions of Ms. Gould's Medical Sources? 2. Did the ALJ Err By Failing to Meet Her Burden At Step Five?" ECF No. 6 at 5. However, Ms. G. later asserts, "the ALJ erroneously denied disability benefits by failing to properly evaluate the medical evidence at Step 2 and failing to properly evaluate her ability [to] work at Step 5." ECF No. 6 at 10. Then, under the heading, "The ALJ Improperly Evaluated the Medical Evidence Regarding the Plaintiff's Physical Impairments," Ms. G. cites the legal authority for step two; yet the body of the argument is that "the ALJ failed to properly evaluate the plaintiff's symptoms from both her MS and her infusions" which is actually an argument about the ALJ's consideration of her physical symptom testimony. ECF No. 6 at 10-12. Furthermore, it is apparent elsewhere in the brief that the only step two argument has to do with anxiety, which is a mental impairment. And while Ms. G. vaguely references "the concepts of longitudinal consistency and supportability," ECF No. 6 at 12-13, she

does not directly address the ALJ's findings or assign any specific error to them regarding the assessment of the medical opinion evidence.

The Court further notes that there are only two legal propositions cited as authority in the substantive argument section of the brief. ECF No. 6 at 10-17. While the number of citations is not necessarily an indicator of the persuasiveness of a brief, as previously noted, one of the citations is inapplicable to the argument for which it is cited. Additionally, the argument section of the brief references three of the ALJ's conclusions but fails to address the basis cited by the ALJ for those findings. *See id.* Suffice it to say, Ms. Gould's identification of alleged errors and the basis for them is not clearly stated or readily apparent to the Court.

It is elemental that raising specific errors based on citations to legal authority and the record assists the Court in properly and potentially favorably evaluating a claim. Furthermore, failure to do so could be the basis for an adverse finding. The Ninth Circuit "has repeatedly admonished" that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir.2003) (quoting *Greenwood v. Fed. Aviation Admin*., 28 F.3d 971, 977 (9th Cir. 1994)). The Court will "review only issues with are argued specifically and distinctly." *Id.* When a claim of error is not argued and explained, the argument is waived. *See id.* at 929–30 (holding that party's argument was waived because the party made only a "bold assertion" of error, with "little if any

analysis to assist the court in evaluating its legal challenge"); *see also Hibbs v. Dep't of Human Res.,* 273 F.3d 844, 873 n. 34 (9th Cir.2001) (finding an allegation of error was "too undeveloped to be capable of assessment").

Nevertheless, in the interest of justice and based on the Commissioner's responsive brief, the Court construes Ms. Gould's brief as raising the following issues: (1) the ALJ failed to properly evaluate her physical and mental symptom testimony; (2) the ALJ improperly found anxiety is not a severe impairment at step two; and (3) the step five finding does not take into account all of Ms. G.'s impairments. Ms. G. contends the proper remedy is an award of benefits or, alternatively, remand for further proceedings.

The Court concludes the ALJ erred in evaluating Ms. G.'s symptom testimony as set forth below. This error potentially impacts the ALJ's consideration of the medical opinion evidence and the RFC, which means the step five finding also in question. Therefore, this case is remanded for further proceedings.

## 1. Symptom Testimony

A two-step process applies to an ALJ's assessment of a claimant's testimony regarding subjective pain and symptoms. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). Second, if there is such evidence and there is no sign of malingering, the claimant's testimony should generally be

accepted unless there is clear and convincing evidence in support of rejection. *See Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014). "[T] he ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

The ALJ found Ms. G.'s medically determinable impairments could reasonably be expected to cause the alleged symptoms, but her statements about the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. Tr. 22. The ALJ's gave two reasons for this finding: (1) Ms. G.'s symptoms testimony is not supported by the totality of the medical evidence; and (2) Ms. G.'s daily activities. Tr. 22-25, 27.

*Daily Activities*

With regard to Ms. G.'s activities, the ALJ stated the following: "The claimant is able to independently dress and bathe herself. She is able to perform household chores, cook, read, garden, knit, and crochet. (Testimony, 1F-7F). She was able to rise from a chair unassisted and get on and off the examination table without difficulty. (2F, 6F)." Tr. 27.

This finding is insufficient for several reasons. First, there is no analysis comparing Ms. G.'s activities to work-related activities. *See Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989) (holding that if a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit disabling symptoms). Second, Ms. G. testified her primary symptom is fatigue, yet the ALJ failed to show how these activities are inconsistent with the fatigue she described and her other symptom allegations. *See Molina*, 674 F.3d at 1113 ("Even where [the claimant's] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."). Third, the ALJ cited Ms. G.'s testimony but failed to address that she qualified her ability to perform nearly every activity listed as limited by her impairments. Tr. 50-53. The ALJ also cites generally Exhibits 1F-7F which is nearly 200 pages of record, without identifying any specific record or inconsistency. Tr. 320-516. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The ALJ failed to do so on this issue and the lack of analysis means the finding is insufficient.

*Objective Medical Evidence*

The only other reason cited by the ALJ for discounting Ms. G.'s symptom testimony is that the objective and other medical evidence is not consistent with her allegations of disabling symptoms and limitations. Tr. 22-25, 27. Even if substantial evidence supports this finding, an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair*, 885 F.2d at 601 (9th Cir. 1989). Because a lack of supporting objective evidence cannot be the only reason for rejecting a claimant's symptom claims, the ALJ's finding regarding Ms. G.'s symptom statements is inadequate.

## 2. Medical Opinions, RFC and Step Five

The opinions of Oscar Del Valle, FNP, and Dr. Lisa Toran, a neurologist, were found unpersuasive by the ALJ in part because the ALJ determined they appeared to rely on Ms. G.'s subjective reports. Tr. 26-27. Because the ALJ's finding regarding Ms. G.'s symptom testimony is not supported by substantial evidence, any finding that relies on discounting Ms. G.'s symptom statements is also unsupported. This also undermines the ALJ's ultimate RFC and step five findings.

With regard to step two, the Court notes Ms. G. has not identified any error in the ALJ's assessment of the Paragraph B criteria which is the basis for finding that anxiety is not a severe impairment. Tr. 20. The finding appears to be supported by

the record. However, because this matter is remanded for a new decision, the step two finding will also be reevaluated on remand.

CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. The Court determines remand is the appropriate remedy. On remand, the ALJ shall conduct a new sequential evaluation which provides a legally sufficient basis for the weight given to Ms. G.'s symptom statements and the medical opinion evidence.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Brief, **ECF No. 6**, is **GRANTED**.
2. Defendant's Brief, **ECF No. 9**, is **DENIED**.
3. The case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** August 20, 2026.

REBECCA L. PENNELL
United States District Judge